UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ONE STOP 34, LLC,

      Plaintiff,

  v.

STIMDEL PROPERTIES (FL), INC.,

      Defendant.

**MEMORANDUM AND ORDER**
19-CV-04011 (LDH) (PK)

---

LaSHANN DeARCY HALL, United States District Judge:

  One Stop 34, LLC ("Plaintiff") filed this action against Stimdel Properties (FL), Inc. ("Defendant") seeking a declaratory judgment and damages for an alleged breach of contract. Defendant filed a counterclaim alleging a breach of contract by Plaintiff and seeking a declaratory judgment. On September 4, 2021, Magistrate Judge Peggy Kuo filed a report and recommendation (the "R&R"), recommending that the Court deny in part and grant in part Defendant's motion for partial summary judgment. (R&R, ECF No. 51.) Plaintiff timely filed objections. (Pl.'s Objs. to R&R ("Pl.'s Objs."), ECF No. 52.)

## BACKGROUND[1]

  Magistrate Judge Kuo recounted the factual background and procedural history of this case, which the Court will not reproduce in full, and to which no party has lodged objections.

---

[1] Unless otherwise indicated, the undisputed facts are taken from the parties' statements of material facts and annexed exhibits pursuant to Local Rule 56.1. To the extent any fact is disputed, it is so indicated. Facts that are not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("if the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). Further, the Court does not consider arguments and legal conclusions contained in the parties' 56.1 statements. *See, e.g.*, *Rodriguez v. Schneider*, No. 95-CV-4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999) ("Rule 56.1 statements are not argument. They should contain factual assertions, with citation to the record. They should not contain conclusions[.]" (emphasis omitted)), *aff'd*, 56 F. App'x 27 (2d Cir. 2003).

(R&R at 1–9.)  Of particular relevance here, Plaintiff and Defendant entered into an agreement on December 15, 2017 (the "Lease"), through which Plaintiff leased Defendant's property in Queens, NY (the "Demised Premises").  (Pl.'s 56.1 Statement ¶ 3, ECF No. 38; Decl. William M. Brodsky Supp. Def.'s Mot. Partial Summ. J. ("Brodsky Decl."), Ex. A (Lease), ECF No. 29-2.)  The Lease describes the Demised Premises as "that certain building known as 12-01 34th Avenue, Long Island City, Queens County, New York, containing approximately 63,000 rentable square feet of space [ ] and the land on which the [b]uilding sits, identified as Block 522, Lots 1 and 21[.]"  *Id.* at Preamble.

Defendant also owns property adjacent to the Demised Premises ("Adjacent Property"). (Decl. of Daniel Gildin Opp'n Def.s' Mot. Partial Summ. J. ("Gildin Decl."), Ex. 10 (Transcript of Deposition of Alejandro Onofrio ("Onofrio Dep.")) at 15:18–16:9; 23:11–16, ECF No. 40). Defendant leased the Adjacent Property to non-party DHL Express (USA), Inc.  (*Id.* at 15:18–16:9.)  Importantly, no part of the Adjacent Property overlaps with the Demised Premises.  (Pl.'s 56.1 Statement ¶ 17; Lease at Preamble.)  Nevertheless, for some time after signing the Lease, Plaintiff used the Adjacent Property to access the Demised Premises.  (Compl. ¶ 14; Am. Answer ¶ 14, ECF No. 16.)  On March 28, 2019, Defendant informed Plaintiff it could no longer access the Adjacent Property.  (Compl. ¶ 15; Am. Answer ¶ 15.)  Additionally, Plaintiff claims that, between March 2018 and April 2019, the Demised Premises was affected by a sewage leak, cracked support beam, and a roof leak, and, as a result, Plaintiff suffered consequential and reputational damages.  (Compl. ¶¶ 21–39.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on July 11, 2019.  (*See* Compl.)  By order dated October 19, 2020, the Court referred Defendant's anticipated motion for partial summary judgment to

Magistrate Judge Kuo for report and recommendation. Judge Kuo issued a report and recommendation on September 4, 2021. (*See* R&R.)

Of particular relevance here, Judge Kuo recommended this Court grant Defendant's summary judgment motion on Plaintiff's breach of contract claim. (*Id.* at 19.) In making her determination, Judge Kuo refused to consider parol evidence regarding Plaintiff's use of the Adjacent Property because she found the Lease to be unambiguous. (*Id.* at 13–18.) Judge Kuo further found that Plaintiff's request for declaratory judgment could adequately be resolved by resolution of Plaintiff's breach of contract claim and thus recommended dismissal of Plaintiff's declaratory judgment claim. (*Id.* at 19–21.) Finally, Judge Kuo recommended that the Court dismiss Plaintiff's claims for damages. (*Id.* at 21–25.)[2]

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "the district court 'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

---

[2] Judge Kuo additionally recommended that Defendant's motion for summary judgment be denied with respect to its request for declaratory judgment and with respect to Defendant's request for attorneys' fees and costs. Defendant does not object to these recommendations.

3

**DISCUSSION**

I. **Parol Evidence**

Plaintiff argues that Judge Kuo erred in finding the parties' Lease to be unambiguous and thus in refusing to consider parol evidence concerning Plaintiff's use the Adjacent Property. (Pl.'s Objs. at 5–6.) Specifically, Plaintiff argues that Plaintiff's right to use the Adjacent Property is an omission of a material term from the Lease and that consideration of parol evidence is therefore necessary to resolve Plaintiff's breach of contract claim. (*Id.*) The Court disagrees.

"Parol evidence is admissible to aid in interpretation of a contract only when the language of the contract is ambiguous." *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990). "[A] contract is ambiguous if its terms could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Trust Co., N.A.*, 773 F.3d 110, 114 (2d Cir. 2014) (quotation marks and citation omitted). Conversely, contractual terms are unambiguous if they have "'a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion.'" *Met. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990) (quoting *Breed v. Ins. Co. of N. Am.*, 385 N.E.2d 1280, 1282 (N.Y. 1978)). "Whether a contract term is ambiguous is a question of law." *Curry Rd. Ltd. v. K Mart Corp.*, 893 F.2d 509, 511 (2d Cir. 1990). And, "[a]mbiguity is determined by looking within the four corners of the document, not to outside sources[.]" *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (quotation marks and citation omitted).

4

In this case, Plaintiff points to no language in the Lease that is on its face ambiguous. Instead, Plaintiff contends that Section 1.4(d) of the Lease creates an ambiguity with respect to whether Plaintiff can use the Adjacent Property to access the Demised Premises. (Pl.'s Opp'n at 10–11.) Section 1.4(d) provides that Plaintiff has "the right to peacefully and quietly have, hold, occupy and enjoy the Demised Premises, subject to the terms of the Lease without hindrance or molestation from Landlord or any person claiming by, from or under Landlord." (Lease ¶ 1.4(d).) Importantly, "Demised Premises" is a defined term in the parties' Lease that clearly delineates the property leased by Plaintiff and unambiguously does not include the Adjacent Property. (Pl.'s 56.1 Statement ¶ 16–17 (admitting that no part of the Adjacent Property is included in the Lease's description of the Demised Property and that no part of the Adjacent Property is on the Demised Premises); Lease at Preamble.) Plaintiff's argument that it cannot access the Demised Premises through public roads is of no consequence (and is parol evidence) because the scope of the Lease is clear and unambiguous on its face.

Rather than identifying language in the Lease that is on its face ambiguous, Plaintiff argues that the "omission" of a provision addressing Plaintiff's right to access the Adjacent Property creates an ambiguity in the Lease warranting consideration of parol evidence. (Pl.'s Objs. at 5–6.) Specifically, Plaintiff contends that the omission of a "material issue" can "create an ambiguity where the context within the document's four corners suggests that the parties intended a result not expressly stated." (*Id.* (citation omitted).) Contrary to Plaintiff's argument, that the use of the Adjacent Property was not included in the Lease does not itself create an ambiguity. Indeed, the New York Court of Appeals has made clear that "[a]n omission or mistake in a contract does not constitute an ambiguity [and] . . . the question of whether an ambiguity exists must be ascertained from the face of an agreement without regard to extrinsic

5

evidence." *Reiss v. Fin. Performance Corp.*, 764 N.E.2d 958, 961 (N.Y. 2001) (quotation marks and citations omitted); *cf. Millgard Corp. v. E.E. Cruz/Nab/Fronier-Kemper*, No. 99-cv-2952, 2003 WL 22741664, at *3 (S.D.N.Y. Nov. 18, 2003) ("under New York law, the omission of terms in a contract does not create ambiguity"). Importantly, the Lease contains a merger clause stating that the Lease "constitute[s] the entire agreement" between the parties. (Lease ¶ 15.5.) And, the Lease provides that the Lease may not be changed or terminated orally and "may be amended "only in writing" by the parties. (Lease ¶¶ 15.1, 20.7.) In other words, the "implied term" Plaintiff insists the Court read into the Lease can only be added by the parties in writing under the plain terms of the contract. Against this backdrop, the Court finds the contract unambiguous with respect to whether Plaintiff can use the Adjacent Property. Put simply, Plaintiff cannot.

      Having found that it would be inappropriate to consider parol evidence in this case, there can be no question that Plaintiff's breach of contract claim fails. Indeed, under similar facts, New York courts have found no breach. For example, in *Moy v. Young T. Lee & Son Realty Corporation*, the Appellate Division considered whether the operation of a fruit stand on property adjacent to the leased property constituted a breach of the lease between plaintiffs and defendant. 589 N.Y.S.2d 457, 458 (App. Div. 1992). One of the plaintiffs and a third party operated a fruit stand on the sidewalk adjacent to the leased property. *Id.* Plaintiffs did not, however, obtain a certificate of occupancy for the operation of the fruit stand, and defendant argued that failure constituted a breach of the lease. *Id.* The parties' lease defined the "demised premises" as an area designated by red cross-hatching as shown in a floor plan that was incorporated into the lease as an exhibit. *Id.* The areas beyond the perimeter of the building, including the sidewalk on which the fruit stand operated, were not marked with red-cross

6

hatching. *Id.* at 458.  The Appellate Division determined, as a matter of law, that the lease did not encompass the sidewalk adjacent to the demised premises.  *Id.*  Accordingly, the court concluded: "Since the [operation of the fruit stand] did not involve the use and occupancy of the demised premises, plaintiffs were not in default of any material obligation under the lease." *Id.* at 459.  Similarly, in *Axelrod v. Maryland Casualty Company, Inc.*, the Appellate Division found that a tenant's insurer had no duty to defendant or indemnify the tenant's landlord for an individual's injury where the alleged injury occurred on an area that was "clearly and unambiguously" not included in the definition of "demised premises" in the tenant's lease.  619 N.Y.S. 2d 10 (App. Div. 1994).  The same principle applies here.  The parties agree that the Demised Premises in the Lease does not include any part of the Adjacent Property.  The Lease, therefore, unambiguously does not give Plaintiff the right to access the Adjacent Property.

Finding no ambiguity in the Lease with respect to Plaintiff's right to use the Adjacent Property, the Court agrees with Judge Kuo's refusal to consider parol evidence.  Further, because the Lease on its face does not give Plaintiff the right to use the Adjacent Property, Judge Kuo correctly recommended dismissal of Plaintiff's breach of contract claim based on Defendant's refusal to allow Plaintiff's use of the Adjacent Property.

## II.     Declaratory Judgment

Plaintiff argues, in a single bullet point, that Judge Kuo erred in finding that the plaintiff's declaratory judgment claim would be duplicative of Plaintiff's breach of contract claim. (Pl.'s Objs. at 8).  Such conclusory argument is insufficient to trigger de novo review by this Court.  *See* Fed. R. Civ. P. 72(b)(2) (party may file "specific written objections" to the magistrate judge's recommendation).  Nevertheless, even upon de novo review, the Court agrees with Judge Kuo's determination.

Plaintiff seeks a declaratory judgment that it "is entitled to access and use the [Adjacent Property] for ingress and egress for itself and its Licensees." (Compl. ¶ 44.) As explained *supra*, the Lease does not give Plaintiff the right to access the Adjacent Property. A claim seeking a declaratory judgment may be dismissed where it seeks "resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action." *George & Co., LLC v. Spin Master Corp.*, No. 19-CV-04391, 2020 WL 7042665, at *5 (E.D.N.Y. Nov. 30, 2020) (quotation marks and citation omitted); *see also Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, No. 16-CV-6370, 2017 WL 6729854, at *11 (E.D.N.Y. Oct. 31, 2017) ("[C]ourts have deemed '[a] cause of action for a declaratory judgment [a]s unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract.'" (quoting *J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*, 635 F. Supp. 2d 126, 135 (N.D.N.Y. 2008)), *aff'd*, 736 F. App'x 274 (2d Cir. 2018). Here, because resolution of Plaintiff's breach of contract claim necessarily resolves Plaintiff's request for declaratory relief, summary judgment on both is appropriate as is denial of Defendant's request for declaratory relief on the same issue.

### III. Consequential and Reputational Damages

Notwithstanding Judge Kuo's determination, Plaintiff persists in seeking damages for its breach of contract claim based on the use of the Adjacent Property. It is axiomatic that Plaintiff cannot obtain damages for a breach of contract when there is no breach. With respect to Plaintiff's claim for consequential and reputational damages resulting from alleged defects with the Demised Premises, Plaintiff argues that "lack of evidence [of damages] was not a ground upon which [Defendant] requested summary judgment" and that summary judgment is thus inappropriate. (Pl.'s Objs. at 7, 8.) Not so.

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). In response, the nonmovant—Plaintiff here—is "required to support [its] claims with evidence" at summary judgment. *Gachette v. Metro-N. Commuter R.R. Co.*, 804 F. App'x 65, 68 (2d Cir. 2020). Plaintiff did not do so.

Contrary to Plaintiff's assertion, with respect to Plaintiff's claim for consequential and reputational damages for alleged defects in the Demised Premises, Defendants argued that Plaintiff failed to put forward evidence establishing Plaintiff's alleged losses. (Def.'s Mem. Supp. Mot. Partial Summ. J. at 18, ECF No. 47 (emphasis in original) ("there is no evidence in the record establishing that [Plaintiff] lost *any* license fees or 'other payments' from its licensees due to any conduct of [Defendant's])"; *id.* at 20 ("[Plaintiff] has not presented a shred of evidence of any specific opportunities that it lost as a result of any alleged reputational harm caused by [Defendant].").) Plaintiff did not respond to these arguments nor did it point the Court—in its opposition to Defendant's motion for summary judgment or in its objections to the R&R—to any evidence proving its claim for consequential or reputational damages.

Accordingly, the Court agrees with Judge Kuo's recommendation to dismiss Plaintiff's claim for consequential damages and for reputational damages.[3]

## CONCLUSION

For the foregoing reasons—and, having reviewed the portions of the R&R to which no party has objected for clear error and finding none—the R&R is adopted in its entirety.

---

[3] Plaintiff contends that both consequential and reputational damages are available under the Lease. (Pl.'s Objs. at 5). Defendant disagrees (Def.'s Opp'n Pl.'s Objs. at 19–20, ECF No. 53.). Because the Court finds *supra* that Plaintiff failed to point to evidence supporting its claim for these damages, the Court need not reach the issue of whether these damages are ultimately available under the Lease.

9

Defendant's motion for summary judgment on Plaintiff's breach of contract claim based on Plaintiff's right to access the Adjacent Property, request for declaratory relief regarding the same, and request for consequential and reputational damages is GRANTED.  Defendant's motion for summary judgment on its declaratory judgment claim and for attorneys' fees and costs is DENIED, with leave to renew its request for attorney's fees and costs.

                                                      SO ORDERED.

Dated:  Brooklyn, New York                 /s/ LDH
        March 31, 2022                      LaSHANN DeARCY HALL
                                            United States District Judge